UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>LUIS GARCIA FIGUEROA,<br><br>      Defendant. | No. 3:20-mj-3007-KAR |

MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION

Defendant Luis Garcia Figueroa is charged by criminal complaint with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). In the affidavit supporting the complaint, the affiant attests that the defendant sold an undercover state police officer heroin on seven separate occasions in increasing amounts on dates commencing on October 25, 2019, with the final purchase allegedly occurring on December 20, 2019. The government has moved for pretrial detention on the grounds that there are no conditions of pretrial release that would assure the defendant's appearance as required or the safety of the community. The government invokes the presumption that applies in drug cases where the potential sentence is ten years or more. *See* 18 U.S.C. § 3142(e)(3)(A). The court held a hearing on the government's motion on January 16, 2020. The parties agreed to proceed by proffer. The court had the benefit of a thorough pretrial services report. At the conclusion of the hearing, the court took the government's motion under advisement.

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g). Even when the government invokes the presumption of detention, "[t]he burden of persuasion remains with the government to establish that no condition or combination of conditions will reasonably assure the appearance of the persons as required and the safety of any other person and the community." *United States v. Oliveira*, Criminal Action No. 16-10272-NMG, 2017 WL 690185, at *2 (D. Mass. Feb. 21, 2017). The presumption does not disappear and still carries weight in the court's determination.

As to the nature and circumstances of the offense, the defendant is charged with the distribution of approximately $6,000 worth of heroin over some two months and, where an important government witness is likely to be a state police officer rather than a confidential informant subject to impeachment, the case appears strong. The government, however, did not argue or put on evidence that the defendant was responsible for importing substantial amounts of heroin into the community. The court infers from the affidavit and the government's argument and representations about the results of a search executed at the time of the defendant's arrest that the defendant functioned as a courier, distributing heroin and collecting money. The government reported that when the defendant's home was searched pursuant to warrant at the time of his arrest, law enforcement officers found a loaded Glock with a round in the chamber and a large capacity feeding device stored in a shoebox in the defendant's bedroom. Officers

also found $3,430.00 in cash. The defendant's social security card was found in a small safe. There was additional heroin in a basement shared by both sides of the duplex in which the defendant resides, and $39,000.00 in the residence in the side of the duplex where the defendant does not reside.

Information about the history and characteristics of the defendant comes primarily from the pretrial services report, supplemented by representations from counsel. The defendant is nineteen years old. He was born in Puerto Rico and raised in Massachusetts. He did not graduate from high school and has been receiving social security disability benefits since he was quite young. He is diagnosed with depression, anxiety, and ADHD. He was hospitalized once while in Middle School due to depression. He has not been taking his prescribed medication recently. It is not clear whether he has been attending outpatient treatment. He has five siblings who live in various locations in Springfield and Holyoke. He also has a young daughter whom he sees regularly and helps to support financially and emotionally. He lives in Holyoke in a residence in one side of a duplex with his mother, a brother, and an eight-year-old nephew. He would return to this home if released pending trial. Many members of his family were present in court to support him, as was the mother of his child. The defendant's criminal history is negligible. In the only charge he has faced as an adult, he was charged with operating under the influence in or around May 2019. The case was continued without a finding to June 5, 2020.

1. Risk of Nonappearance.

Although the government's detention motion is premised on risk of flight as well as danger to the community, the government focused on danger to the community during the hearing. The court finds that the government did not meet its burden of showing that the defendant poses a risk of flight or nonappearance if he is released pending trial. To the extent

the defendant's criminal history sheds any light on this question, that history does not include any defaults. The defendant has deep roots in this community. His entire family lives in this area, including his daughter, and he resides with his mother. Although the defendant was born in Puerto Rico, there was no evidence that he has any contacts there – or elsewhere outside of this district – or access to any financial resources that would enable him to flee. So far as appears from the record, he does not own a vehicle. His potential guidelines sentence is modest by federal standards and there is no minimum mandatory. The potential sentencing possibilities do not seem likely to prompt flight. In view of the recommendation for release in the pretrial services report, and conditions of supervised release that can be imposed, the court finds that the government has not proved by a preponderance of the evidence that there are no conditions of supervised release that will reasonably assure the defendant's future appearances in court.

    1. Danger to the Community

The court also is not persuaded that the government has proved by clear and convincing evidence that there are no conditions of supervised release that will reasonably assure that the defendant does not pose a danger to another or the community. In connection with this inquiry, the government pointed to the danger posed by the distribution of heroin combined with the possession of a loaded firearm. This argument carries real weight and has given the court pause, particularly in view of recent gun violence in Holyoke, the city where the defendant resides. The factors that weigh against detention of this defendant on this basis are the following. First, there has not been a representation by the government or any evidence that this defendant has any gang involvement. Gang violence appears to have been a factor in at least some of the recent gun violence in Holyoke. Second, there is no evidence that this defendant carried a firearm while he was involved in the distribution of heroin. An undercover state police officer allegedly

4

bought heroin from the defendant on seven separate occasions. Presumably, an officer engaged in such an undercover operation would be extremely vigilant for safety reasons. So far as appears from the affidavit supporting the complaint and describing the transactions with the defendant, the officer never saw a firearm and the defendant never referred to, or displayed, a firearm when he met the undercover police officer. Third, the firearm was allegedly found in the defendant's residence, not on his person. There is no evidence that the defendant engaged in drug transactions in the residence. Fourth, the defendant's criminal history does not raise any suspicion of involvement with firearms. Here, the government has not shown by clear and convincing evidence the requisite connection between the defendant's alleged drug distribution activities and his alleged possession of the firearm. This defendant is very young, has a supportive family, and, even taking into account his juvenile record, has a negligible criminal history. In these circumstances, the court finds the government has not shown by clear and convincing evidence that there are no conditions of supervised release that will reasonably assure that the defendant does not pose a risk of danger to another or the community if he is released on conditions pending trial.

A form of conditions of release for Mr. Garcia Figueroa is attached hereto as exhibit 1.

Dated: January 23, 2020

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge